UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES E. BROWN, )
 )
    Plaintiff, )
 )
v. ) No. 3:10-01000
 ) JUDGE HAYNES
 )
METROPOLITAN GOVERNMENT )
OF NASHVILLE and DAVIDSON )
COUNTY, TENNESSEE, et al., )
 )
    Defendants. )

## **MEMORANDUM**

Plaintiff, James E. Brown, filed this pro se action under 42 U.S.C. §§ 1981, 1983 and 1985 against the Defendants, Metropolitan Government of Nashville and Davidson County ("Metro"), Mayor Karl Dean, Sue Cain, Jason Bergeron, Lora Barkenbus Fox ("the Individual Defendants"), and Trippe S. Fried. Plaintiff asserts claims for violations of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and a state law claim for defamation.

Plaintiff's specific claims are, in sum, (1) that his property was taken without just compensation and without due process in violation of the Fifth and Fourteenth Amendments; (2) that the "taking" was an unreasonable seizure in violation of the Fourth Amendment; (3) that Defendants conspired to violate his Due Process and Equal Protection rights and such conduct was motivated by racial animus; (4) that Defendants violated Plaintiff's Equal Protection rights through the taking of his property and such conduct was motivated by racial animus; (5) that Defendants

unconstitutionally defamed Plaintiff; and (6) that the alleged conspiracy to deny him Equal Protection and to defame him were undertaken pursuant to Metro's customs, policies or practice.

Before the Court are the Metro and Individual Defendants' motion to dismiss (Docket Entry No. 33) and Trippe S. Fried's motion to dismiss (Docket Entry No. 34). In their motion, the Metro and Individual Defendants contend, in sum: (1) that the Court lacks subject matter jurisdiction because Plaintiff's inverse condemnation or "takings"claim is before the Chancery Court for Davidson County and is not ripe for judicial review; (2) that many of Plaintiff's claims are barred by the doctrine of claim preclusion; (3) that Plaintiff's claims are time barred by the applicable statutes of limitations; (4) that the Individual Defendants are entitled to absolute and/or qualified immunity for the alleged "taking" of Plaintiff's property and the litigation related to that "taking,"; (5) that Plaintiff fails to state a claim against any of the Individual Defendants under 42 U.S.C. § 1981, § 1983, and/or § 1985; (6) that Plaintiff's claims against Metro fail to state a claim for municipal liability under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and its progeny; and (7) that the Individual Defendants do not have any "official capacity" in which they can be sued.

In his motion, Fried contends (1) that Plaintiff's claims are barred by the applicable statutes of limitations; (2) Plaintiff's Fourth and Fifth Amendment claims fail as Defendant is not a state actor; (3) that Plaintiff fails to allege sufficient facts to establish his conspiracy on separate violations of his Due Process and Equal Protection rights; and (4) that Plaintiff cannot establish his defamation claim as Defendant did not publish any representation.

In response (Docket Entry Nos. 39-40), Plaintiff asserts, in essence, that he has alleged sufficient facts to support all of his claims against the Defendants.

For the reasons set forth below, the Court concludes that Plaintiff's claims based upon the takings are unripe, that Plaintiff's remaining federal claims under 42 U.S.C. §§ 1981, 1983 and 1985 are time barred, and that Plaintiff's defamation claim should be dismissed without prejudice.

## I. ANALYSIS OF COMPLAINT

In 2001, Plaintiff purchased real property at 2004 Third Avenue North in Nashville, Tennessee, at a delinquent tax sale. (Docket Entry No. 1, Complaint at ¶ 18). On January 10, 2002, the Davidson County Chancery Court confirmed the sale, and Plaintiff registered the property in his name and his daughter's name with the Davidson County Register of Deeds. Id. at ¶ 20. Plaintiff did not take physical possession of the property at that time. Id. On June 17, 2002, the "Metropolitan Government of Nashville & Davidson County entered upon Plaintiff's property, seized the residence and its contents" and demolished a residence on the property without giving proper notice to Plaintiff. Id. at ¶¶ 22-25. On or about May 19, 2005, Metro sued Plaintiff for the demolition costs. Id. at ¶ 24. On May 25, 2005, Plaintiff, acting pro se, filed an answer and counterclaim asserting an unconstitutional taking of his property under the theory of inverse condemnation. Id. at ¶ 27.

In July 2005, Plaintiff retained Defendant Fried to represent him in the takings action. Id. at ¶ 31. According to Plaintiff, "Plaintiff discovered early on that his attorney was conspiring with the Government's attorney to defraud him; but believed that he could limit damage from the conspiracy by closely scrutinizing the attorney's work and by personally attending every hearing." Id. at ¶ 41.

On February 22, 2006, the Chancery Court dismissed Metro's claim to recoup the costs of demolition, and on October 25, 2007, the Chancery Court entered an order awarding damages of

$3,500.00 to Plaintiff. Id. at ¶¶ 33, 44. Defendant Fried "prepared" the order "in concert with [Metro's] attorneys and others" awarding "damages" without "addressing and resolving any of the 'make whole' components for damages and compensation" mandated by statute. Id. at ¶ 44. On October 30, 2007, Fried filed a claim for attorney's fees in the amount of $5,832.00. Id. at ¶ 45.

On November 21, 2007, Plaintiff, proceeding pro se, moved to set aside the October 25, 2007 order. Id. at ¶¶ 46, 51, 54. According to Plaintiff, on May 8, 2008, without Plaintiff's knowledge or consent, Fried acted "in concert" with Metro's counsel in submitting "two proposed agreed orders purporting to compromise and waive Plaintiff's claim for, and entitlement to, full reimbursement of reasonable attorney's fees for $5,882.00" even though Plaintiff had paid counsel in excess of $7,200.00. Id. at ¶¶ 56-57. According to Plaintiff, on May 30, 2008, "as a product of the unlawful and unconstitutional agreement entered into between Plaintiff's counsel and the Government's attorney, Plaintiff received a check from the Defendant made payable to him in the amount of $9,382.00." Id. at ¶ 62. On May 31, 2008, Plaintiff presented the check to the Chancery Court, contending that the check "was the product of an unlawful act, and intended to frustrate the condemnation proceedings and deny and coerce [Plaintiff] into forfeiting [Plaintiff's] Constitutional right to Due Process, Equal Benefits of the Law, Equal Protection of the law, and Just Compensation for the taking of [Plaintiff's] property." Id. at ¶ 63.

On or about June 5, 2008, Plaintiff discovered that Fried "unlawfully and unconstitutionally entered into an agreement with [Metro's] Counsel, Mrs. Lora Barkenbus Fox to compromise" all claims against Metro for $9,382.00 without Plaintiff's knowledge and consent. Id. at ¶ 58. According to Plaintiff, Fried declined to assert Plaintiff's claim for prejudgment interest because Fried believed prejudgment interest was not mandated under the eminent domain statutes for inverse

condemnation claims, but advised that such interest might be available under the Chancery Court's discretion. Id. at ¶¶ 59-60; Exhibit C. As a result, Plaintiff asked Fried to withdraw from the action, and the Chancery Court granted Fried's withdrawal on July 18, 2008. Id. at ¶¶ 61, 67.

On August 6, 2008, the pro se Plaintiff filed a motion to vacate the agreed orders filed by Fried and Fox. Id. at ¶ 70. On October 10, 2008, the Chancery Court entered a final order, denying Plaintiff relief. Id. at ¶ 74. Plaintiff appealed the Chancery Court's decision on November 4, 2008. Id. at ¶ 75. On December 30, 2009, the Tennessee Court of Appeals reversed the Chancery Court's denial of prejudgment interest. Id. at ¶ 83.

After the Court's ruling, Plaintiff retained counsel. Id. at ¶ 88. On July 12, 2010, the Chancery Court entered a proposed order fixing the rate of prejudgment interest. Id. at ¶ 95. On July 30, 2010, Metro sent Plaintiff a check in the amount of $1,405.85 in prejudgment interest. Id. at ¶ 96. Upon receipt of the check, Plaintiff notified Defendant that he was retaining the check under protest "that the check had been unlawfully issued." Id. at ¶ 97. On September 13, 2010, Metro sent Plaintiff's counsel a check in the amount of $9,382 that Plaintiff has not retrieved on grounds that no final judgment had been entered directing or authorizing the Defendants to issue the check. Id. at ¶¶ 98-99, 101. According to Plaintiff a final decision on his claims has not been reached. Id. at ¶ 107.

Plaintiff asserts that Defendants'[1] entry upon his property without Plaintiff's knowledge or consent and the destruction of the residence located on that property constituted an unconstitutional taking of private property without the due process of law and just compensation under the Fifth and Fourteenth Amendments and an unlawful search and seizure under the Fourth Amendment. Id. at

---

[1]Plaintiff does not specify which Defendants.

¶¶ 111-15, 119-120. Plaintiff asserts that Defendants conspired against Plaintiff by "defrauding" him as to "the charge and recovery of attorney's fees," by submitting fraudulent filings in judicial proceedings, "by issuing fraudulent checks from the public treasury," and "by unlawfully and unconstitutionally entering into agreements to waive or compromise Plaintiff's claims" against Metro for the taking of his property and such conduct was motivated by racial animus in violation under 42 U.S.C. §§ 1981, 1983, and 1985(3). Id. at ¶¶ 125-26, 132-135. Plaintiff further asserts that Defendants "in concert with each other" caused to be published the false and defamatory statement that "'Throughout the litigation [to vindicate his Constitutional right to Just Compensation], and despite their representation by an able attorney, Mr. Brown repeatedly filed pro se motions,'" and that such conduct was motivated by racial animus in violation under 42 U.S.C. §§ 1981, 1983, and 1985(3). Id. at ¶¶ 139-141.

## II. CONCLUSIONS OF LAW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction that may consist of either a "facial attack" or a "factual attack." O'Bryan v. Holy See, 556 F.3d 361, 375 (6th Cir. 2009).

> "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." And, "[w]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

Id. at 375-76 (citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). On a factual attack, "no

presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (citation omitted). "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of proof that jurisdiction exists under 12(b)(1). RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, _ U.S. _, 129 S.Ct. 1937, 1949 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted).

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

7

of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1949-50.

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Yet, in evaluating a plaintiff's complaint, under Fed. R. Civ. P. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss

that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

While pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se complaints must also satisfy the "facial implausibility" standard articulated in Twombley and Iqbal. Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010).

The Individual and Metro Defendants contend that the Court lacks subject matter jurisdiction because Plaintiff's takings claim is not ripe for review. Plaintiff alleges that "The case has been, or was, active before the Tennessee Courts as an inverse condemnation action," and that "consistent with the exhaustion requirement . . . this case is now ripe for resolution," but also alleges that a "final decision . . . has not, as of this date, been entered." (Docket Entry No. 1, at ¶¶1, 6, 107. Because the Defendants challenge the factual existence of subject matter jurisdiction, the Court construes Defendant's motion as a factual attack.

Ripeness is a necessary prerequisite to subject matter jurisdiction under a takings claim. Bigelow v. Michigan Dep't of Natural Resources, 970 F.2d 154, 157 (6th Cir. 1992). "The Fifth Amendment's Takings Clause prohibits appropriation of private property for public use only where just compensation is not paid." Peters v. Fair, 427 F.3d 1035, 1037 (6th Cir. 2005). For a takings claim to be ripe for federal jurisdiction, the ripeness doctrine requires a plaintiff to attempt to obtain compensation through established state procedures. Id. "[I]if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985).

Here, Plaintiff filed a counterclaim in state court for inverse condemnation under Tenn. Code Ann. § 29-16-123. (Docket Entry No. 1, at ¶¶ 6-7 citing Metro. Gov't of Nashville v. Brown, No. M2008-02495-COA-R3-CV, 2009 WL 5178418 (Tenn. Ct. App. Dec. 30, 2009). The Davidson County Chancery Court has two pending issues under advisement: (1) Plaintiff's motion for the amount of post judgment interest, and (2) Plaintiff's motion for additional attorneys' fees to be awarded following remand from the Tennessee Court of Appeals. (Docket Entry No. 38, Lora Fox Declaration at ¶ 4). Thus, a final order has not been entered. The Chancery Court's resolution of Plaintiff's motions will impact the total compensation on Plaintiff's takings claim. Thus, the final amount of compensation that Plaintiff seeks to challenge has not been set. Accordingly, the Court concludes that Plaintiff's takings claim is not ripe for review and should be dismissed without prejudice for lack of jurisdiction.

Plaintiff's due process and equal protection claims are not independent claims, but are ancillary to Plaintiff's takings claim as Plaintiff seeks "Just Compensation." Peters, 427 F.3d at 1037 ("Similarly, claims for violations of substantive due process and procedural due process claims ancillary to a takings claim are also subject to this ripeness requirement."); Bigelow, 970 F.2d at 159-60 (equal protection claim unripe); J-II Enterprises, LLC v. Board of Com'rs of Warren County, Ohio, 135 Fed. Appx. 804, 807 (6th Cir. 2005) ("An ancillary equal protection claim is not ripe for review unless the just compensation claim is ripe.") (citing Arnett v. Myers, 281 F.3d 552, 562 (6th Cir.2002)). Accordingly, the Court concludes that Plaintiff's due process and equal protection claims are also subject to the ripeness requirement and also are dismissed without prejudice.

Defendants contend that Plaintiff's remaining claims are time barred. In civil rights actions brought under §§ 1981, 1983 and 1985, federal courts apply the state statute of limitations governing

actions for personal injuries. Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000). Under Tennessee law, civil actions for compensatory or punitive damages brought under the federal civil rights statutes "shall be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(3). While the length of the statute of limitations is determined by state law, the accrual of an action, and hence the commencement of the statute of limitations, is an issue governed by federal law. Hughes, 215 F.3d at 548; Perreault v. Hostetler, 884 F.2d 267, 270 (6th Cir. 1989). According to the Sixth Circuit, the statute of limitations commences when "'the plaintiff knows or has reason to know of the injury which is the basis of his action.'" Id. (quoting Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984)). Stated another way, courts look to the event that "should have alerted the typical lay person to protect his or her rights." Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991) (quoting Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir. 1989)); Trzebuckowski v. City of Cleveland, 319 F.3d 853, 858 (6th Cir. 2003) ("'[T]he limitations periods begin to run in response to discriminatory acts themselves, not in response to the continuing effects of past discriminatory acts.'") (citation omitted).

Of Plaintiff's remaining claims, Plaintiff's Fourth Amendment claim for unlawful search and seizure under § 1983 accrued on June 17, 2002, when the Metro Defendants "entered upon Plaintiff's property, seized the residence and its contents" and demolished the residence. (Docket Entry No. 1, at ¶¶ 22-25). Plaintiff was aware of the demolition well beyond one year before filing this action. Therefore, the Court concludes that Plaintiff's Fourth Amendment claim is time barred.

As to Plaintiff's civil conspiracy claims under §§ 1983 and 1985(3), Plaintiff alleges that he "discovered early on that his attorney was conspiring with the Government's attorney to defraud him; but believed that he could limit damage from the conspiracy by closely scrutinizing the attorney's

work and by personally attending every hearing." Id. at ¶ 41. Plaintiff further alleges that on May 30, 2008, "as a product of the unlawful and unconstitutional agreement entered into between Plaintiff's counsel and the Government's attorney, Plaintiff received a check from the Defendant made payable to him in the amount of $9,382.00" and that the check was meant to "frustrate the condemnation proceedings and deny and coerce [Plaintiff] into forfeiting his Constitutional right[s]. Id. at ¶¶ 62-63. Plaintiff also alleges that on or about June 5, 2008, Plaintiff discovered that Fried "unlawfully and unconstitutionally entered into an agreement with [Metro's] Counsel, Mrs. Lora Barkenbus Fox to compromise" all claims against Metro for $9,382.00 without Plaintiff's knowledge and consent. Id. at ¶ 58. Plaintiff did not file this action until October 22, 2010, over two years after Plaintiff knew of his injury as of June 5, 2008.[2] Accordingly, these claims should be dismissed.

For these reasons, Plaintiff's § 1981 claim is also time barred by the applicable one year statute of limitations. Phifer v. City of Grand Rapids, Michigan, 657 F.Supp.2d 867, 872 (W.D. Mich. 2009) ("[S]tate statute of limitations for personal injury actions applies to § 1981 claims, but § 1981 claims alleging employment discrimination are governed by four-year statute of limitations pursuant to 28 U.S.C. § 1658"); Williams v. Western Union Co., No. 3:06-1213, 2007 WL 1849963 (M.D. Tenn. June 25, 2007) ("[T]he statute of limitations for a § 1981 claim of this sort [in the commercial establishment context] (as opposed to an employment action), is one year from the alleged discriminatory act."); McGhee v. City of Memphis, No. 08-2050-B/V, 2008 WL 313446, at *3 (W.D. Tenn. Feb. 1, 2008) (race discrimination claim based on unlawful arrest barred by one year statute of limitations). Plaintiff knew of his injury giving rise to Plaintiff's 1981 claims on or around

---

[2]Plaintiff's "protests" as to the checks issued on July 30, 2010 in the amount of $1,405.85 for prejudgment interest and on September 13, 2010 in the amount of $9,382.00 pertain to his takings claim.

June 5, 2008. Plaintiff's filing of this action was over two years later. Accordingly, the Court concludes that Plaintiff's § 1981 claim is time barred.

Moreover, Plaintiff's §1981 claim fails to state a claim for relief against Metro. The Sixth Circuit has stated, "[W]e hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units,' . . . no independent cause of action against municipalities is created by § 1981(c)." Arendale v. City of Memphis, 519 F.3d 587, 598-99 (6th Cir. 2008) (quoting Jett v. Dallas Independent School Dist., 591 U.S. 701, 733 (1989)).

As to Plaintiff's defamation claim, "'[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims ....'" J-II Enterprises, 135 Fed. Appx. at 808 (quoting Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-55 (6th Cir.1996)); see Bigelow, 970 F.2d at 160. Accordingly, Plaintiff's defamation claim is dismissed without prejudice.

Accordingly, for these reasons the Court concludes that the Metro and Individual Defendants' motion to dismiss (Docket Entry No. 33) and Trippe S. Fried's motion to dismiss (Docket Entry No. 34) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 2nd day of February, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge